# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br> - v. -<br><br>JUAN ORLANDO HERNANDEZ,<br>     a/k/a "JOH,"<br>JUAN CARLOS BONILLA VALLADARES,<br>     a/k/a "Tigre," and<br>MAURICIO HERNANDEZ PINEDA,<br><br>                    Defendants. | S4 15 Cr. 379 (PKC)<br>S7 15 Cr. 379 (PKC)<br>S8 15 Cr. 379 (PKC) |

## THE GOVERNMENT'S REQUESTS TO CHARGE

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
*Attorney for the United States of America*

Jacob H. Gutwillig
David J. Robles
Elinor L. Tarlow
Kyle A. Wirshba
Assistant United States Attorneys
     *Of Counsel*

**TABLE OF CONTENTS**

**GENERAL INTRODUCTORY CHARGES** ........................................................6

I.     Introductory Remarks...........................................................................6

II.    Role of the Court ...............................................................................6

III.   Role of the Jury ................................................................................6

IV.   Conduct of Counsel ..........................................................................7

V.    Sympathy or Bias .............................................................................7

VI.   Parties ...............................................................................................7

VII.  Burden of Proof................................................................................8

VIII. What Is and Is Not Evidence..............................................................9

IX.   Direct and Circumstantial Evidence.................................................10

X.    Witness Credibility...........................................................................11

XI.   Prior Inconsistent Statements .........................................................12

XII.  Bias of Witnesses ............................................................................12

XIII. Law Enforcement Witnesses ...........................................................13

XIV. Redaction of Evidence [If Applicable] ............................................14

XV.  Spanish Language Testimony ..........................................................14

XVI. Stipulations (Testimony) [If Applicable].........................................14

XVII. Stipulations (Fact) [If Applicable] .................................................15

XVIII. Cooperator Witness Testimony......................................................15

XIX. Use of Evidence Obtained Pursuant to Search.................................17

XX.  Use of Recordings [If Applicable]...................................................17

XXI. Particular Investigative Techniques Not Required ...........................18

XXII. Evidence of Other Wrongs or Acts [If Applicable] .........................18

XXIII. Preparation of Witnesses .............................................................19

XXIV. Expert Testimony [If Applicable] ..................................................19

XXV. Charts and Summaries [If Applicable]............................................20

2

XXVI. Persons Not on Trial..............................................................................20

XXVII.    Uncalled Witnesses—Equally Available...........................................20

XXVIII.    Defendant's Right Not to Testify [If Requested by the Defendants]21

XXIX. Ignore External Sources of Information.................................................21

XXX.  Consider Each Count Separately.........................................................22

XXXI. Multiple Defendants................................................................................22

**THE SUBSTANTIVE LAW** .......................................................................**23**

I.    Count One..............................................................................................24

  A.    Elements of the Offense ...................................................................24

  B.    First Element—Conspiracy .............................................................25

  C.    Second Element — Membership in the Conspiracy .................................31

  D.    Count One: Time of Conspiracy ....................................................34

  E.    Count One: Liability for Acts and Declarations of Co-Conspirators ......34

  F.    Count One: Special Interrogatory on Drug Type and Quantity..............34

II.    Count Two.............................................................................................36

  A. Count Two: Overview.......................................................................36

  B.  Count Two: Elements.......................................................................36

  D.  Count Two: Aiding and Abetting....................................................38

  E.  Count Two: Special Interrogatory on Firearm Type ................................41

III.    Count Three..........................................................................................42

  A. Count Three: Overview.....................................................................42

  B. Count Three: Elements......................................................................42

  C. Count Three: Special Interrogatory on Firearm Type..............................43

IV.    Venue.....................................................................................................44

V.    Variance in Dates .................................................................................44

**CONCLUDING CHARGES** ......................................................................**45**

I.    Possible Punishment Is Not to Be Considered by the Jury....................45

II.    Right to Request Exhibits or Have Testimony Read ...............................45

III.    Notes ................................................................................................ 46

IV.    Duty to Deliberate/Unanimous Verdict ........................................ 46

V.    Duties of Foreperson ...................................................................... 47

VI.    Return of Verdict ............................................................................ 47

**CONCLUSION** .............................................................................................. **47**

**ADDITIONAL CHARGES [IF APPLICABLE]** ............................................. **48**

I.    Conscious Avoidance ...................................................................... 49

II.    Character Witness ............................................................................ 51

III.    False Exculpatory Statements ........................................................ 52

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| - v. - | S4 15 Cr. 279 (PKC) |
| | S7 15 Cr. 379 (PKC) |
| JUAN ORLANDO HERNANDEZ, | S8 15 Cr. 379 (PKC) |
| a/k/a "JOH," | |
| JUAN CARLOS BONILLA VALLADARES, | |
| a/k/a "Tigre," and | |
| MAURICIO HERNANDEZ PINEDA, | |
| Defendants. | |

## REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

## GENERAL INTRODUCTORY CHARGES

### I.  Introductory Remarks

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of counsel. We have reached the point where you are about to undertake your final function as jurors. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

### II.  Role of the Court

It has been my duty to preside at the trial and to decide what testimony and evidence was relevant, under the law, for you to consider. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions and to apply them to the facts as you determine them.

If any attorney has stated a legal principle different from any that I state to you now in my instructions, it is my instructions that you must follow. You must not substitute your own ideas of what the law is or ought to be.

You are not to infer from any of my questions or rulings or anything else I have said or done during this trial that I have a view as to the credibility of the witnesses or how you should decide this case.

I will give you the text of these instructions for your use in the jury room. It is possible that there is a slight variation between the words I speak and the typed text that I will give you. The words I speak control over the typed text.

### III.  Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass on the evidence. You determine the credibility of the witnesses. You resolve such disputes as there may

6

be in the testimony. You draw whatever inferences are reasonable for you to draw from the facts as you have determined them. You determine the weight of the evidence.

You have taken the oath as jurors and it is your sworn duty to determine the facts and to follow the law as I give it to you.

### IV.    **Conduct of Counsel**

It is the duty of the attorneys to object when the other side offers testimony or other evidence or argument that the attorney believes is not properly admissible. Therefore, you should draw no inference from the fact that an attorney objected to any evidence. Nor should you draw any inference from the fact that I sustained or overruled an objection.

### V.    **Sympathy or Bias**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. The parties in this case are entitled to a trial free from prejudice about a party's race, religion, national origin, sex, or age. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Similarly, under your oath as jurors, you are not to be swayed by sympathy. Once you let fear, prejudice, bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a just and true verdict. Your verdict must be based exclusively on the evidence or lack of evidence in the case.

### VI.    **Parties**

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater and no lesser consideration than that accorded to any other party to a litigation. All parties, whether the government or an individual, stand as equals under the law.

**VII.**   **Burden of Proof**

The defendants in this case, Juan Orlando Hernandez, Juan Carlos Bonilla Valladares, and Mauricio Hernandez Pineda, have entered a plea of not guilty to the indictment.  As I told you before, the law presumes a defendant to be innocent of all charges against him. The defendants are to be presumed by you to be innocent throughout your deliberations until such time, if ever, that you, as a jury, are satisfied that the government has proven the defendants' guilt beyond a reasonable doubt.

The presumption of innocence alone is sufficient to require an acquittal of a defendant unless and until, after careful and impartial consideration of all the evidence, you, as jurors, are convinced unanimously of each defendant's guilt beyond a reasonable doubt.

The question that naturally comes up is: what is a reasonable doubt? The words almost define themselves. It is a doubt founded in reason and arising out of the evidence, or the lack of evidence.  It is a doubt that a reasonable person has after carefully weighing all the evidence.  Proof beyond a reasonable doubt must therefore be proof of such a convincing nature that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. Proof beyond a reasonable doubt is not proof beyond all doubt.

Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, your common sense. It is not caprice, whim, or speculation. It is not an excuse to avoid the performance of an unpleasant duty. It is not sympathy for the defendant you are considering.

The government must prove each and every element of the crimes charged beyond a reasonable doubt. This burden never shifts to a defendant. The law never imposes upon a defendant in a criminal trial the burden of calling any witnesses or producing any evidence. The fact that one

party called more witnesses and introduced more evidence does not mean that you should find in favor of that party. It is the quality of evidence that matters.

If, after a fair, impartial, and careful consideration of all the evidence, you can honestly say that you are not satisfied of the guilt of a defendant - that is, if you have such a doubt as would cause you, as a prudent person, to hesitate before acting in matters of importance to yourself - then you have reasonable doubt. In that circumstance, it is your duty to return a not guilty verdict for the defendant you are considering.

On the other hand, if after a fair, impartial, and careful consideration of all the evidence, you can honestly say that you are satisfied of the guilt of the defendant you are considering and that you do not have a doubt that would prevent you from acting in important matters in the personal affairs of your own life, then you have no reasonable doubt. Under that circumstance, you should return a guilty verdict for the defendant you are considering.

### VIII.   What Is and Is Not Evidence

The evidence in this case is the sworn testimony of the witnesses, the exhibits received into evidence, and the stipulations made by the parties.

By contrast, the questions of a lawyer are not evidence.  It is the witnesses' answers that are evidence, not the questions.

Testimony that has been stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict. If I have instructed you that evidence is received for only a limited purpose, then it may be considered only for that limited  purpose.

Arguments by lawyers are not evidence because the lawyers are not  witnesses.   What the lawyers have said to you in their openings and in their closings is intended to help you understand

the evidence. If, however, your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

To constitute evidence, exhibits must first be admitted or received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

### IX.    Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in· reaching your verdict.

One type is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses- something he or she has seen, felt, touched, or heard.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. Let me give you an example to help you understand what is meant by circumstantial evidence.

Now I want you to assume that this morning was bright and sunny when you came into the courthouse. And I want you to assume that the windows in the courtroom when you got here were completely covered. Now we covered this particular window to keep the sun out, but I want you to assume it was completely covered top to bottom so you couldn't see outside. You don't know whether it is day or night outside or snowing or raining or the sun is shining. Now I want you to assume that the back doors of the courtroom open and in walked a person carrying an umbrella and the umbrella may be dripping. And a few minutes later somebody else comes in wearing a raincoat and you see that they are brushing droplets off their coat. Now, remember, you can't look

outside. So you don't know what the weather is. But from the combination of facts that I have described for you it would be reasonable for you to infer that it had been raining.

That is all there is to circumstantial evidence. You infer, on the basis of reason and experience and common sense from one established fact, the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence. The law makes no distinction between direct evidence and circumstantial evidence. It simply requires that your verdict must be based on all the evidence.

### X.   <u>Witness Credibility</u>

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, in assessing credibility, you may size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. In making your credibility determinations, use your common sense, your good judgment, and your everyday experiences in life.

If you believe that a witness knowingly testified falsely concerning any important matter, whether at trial or in a prior proceeding, you may distrust the witness's testimony concerning other

matters.  You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

## XI.    **Prior Inconsistent Statements**

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Evidence of a prior inconsistent statement may not be considered by you as affirmative evidence of the fact asserted in the statement.  Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.  If you believe that a witness has been discredited in this manner, it is exclusively your right to give the testimony of that witness whatever weight you think it deserves.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

## XII.   **Bias of Witnesses**

In deciding whether to believe a witness, you may take account any evidence of hostility or affection that the witness may have towards a defendant or the government.  You may consider

any evidence that a witness may benefit in some way from the outcome of the case, and any loyalty, incentive, or motive that might cause the witness to shade the truth.  You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

In deciding whether or not a witness was truthful, you may ask yourself: How did the witness appear?  Was the witness candid, frank, and forthright or did the witness seem evasive or suspect in some way?  How did the witness testify on direct compared with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he or she was talking about?  Did the witness have the opportunity to observe the facts he or she testified about?

It is your duty to consider whether the witness has permitted any bias or interest to color his or her testimony.  In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned whether the possible interest of any witness has intentionally or otherwise colored or distorted his or her testimony.  You are not required to disbelieve an interested witness.  You may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

### XIII.   Law Enforcement Witnesses

You have heard the testimony of law enforcement officers.  The fact that a witness may be employed by the federal, state, or local government as a law enforcement officer does not mean

that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  It is fair for you to consider whether the testimony of a law enforcement witness has been colored by a personal or professional bias or interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses, and to give that testimony whatever weight, if any, you find it deserves.

### XIV.   Redaction of Evidence [If Applicable]

Among the exhibits in evidence, some documents are redacted.  "Redacted" means that part of the document was covered.  You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been covered.

### XV.   Spanish Language Testimony

One or more witnesses in this trial testified using the Spanish language.  That testimony was translated for you by a court-certified interpreter.  Even if you speak Spanish, you are obligated under the law to accept as binding the translations of witness testimony provided to you by the court-certified interpreter.

### XVI.   Stipulations (Testimony) [If Applicable]

In this case you heard evidence in the form of a stipulation of testimony.  A stipulation of testimony is an agreement between the parties that, if a witness is called, the person would give certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect to be given that testimony.

XVII.    **Stipulations (Fact) [If Applicable]**

In this case you have heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed-upon facts as true.  The weight or importance of the fact is a matter for you, the jury, to decide.

XVIII.    **Cooperator Witness Testimony**

You have heard testimony from witnesses who testified that they were involved in certain crimes and are cooperating with the government in the hope of receiving a lower sentence.  The law allows the use of such testimony.  The testimony of a cooperating witness may alone be enough to establish the elements of a crime, if the jury believes that the testimony establishes the elements beyond a reasonable doubt.

A cooperator's testimony should be scrutinized with greater care than testimony of an ordinary witness and viewed with particular caution when you decide how much of that testimony to believe.  It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he is incapable of giving truthful testimony.

The fact that a witness is cooperating with the government may be considered by you as bearing upon his credibility.  You may consider whether a cooperating witness - like any other witness called in this case - has an interest in the outcome of the case, or is biased in favor or against a defendant or the government, and if so, whether it has affected his or her testimony.

It is no concern of yours why the government made an agreement with a particular witness. Your sole concern is whether a witness has given truthful testimony.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether the witness would benefit more by lying, or by telling the truth.  Was his testimony made up in

15

any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his testimony?

Like the testimony of any other witness, cooperating witness testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

If you find that the testimony was false, you should reject it.  However, if, after a cautious and careful examination of a cooperating witness's testimony and assessment of his credibility, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.  Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or you may disregard all of it.  That is a determination entirely for you, the jury.

You have heard testimony from government witnesses who have pleaded guilty to charges arising out of the same or similar facts that are at issue in this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant you are considering from the fact that a prosecution witness pleaded guilty to similar charges. The decision of that witness to plead guilty was a personal decision that he made about his own guilt.  It may not be used by you in any way as evidence against or unfavorable to any defendant on trial here.

16

**XIX.**   <u>Use of Evidence Obtained Pursuant to Search</u>

You have heard testimony about evidence seized in connection with certain searches conducted by law enforcement officers.  Evidence obtained from these searches was properly admitted in this case and may be properly considered by you.  Such searches were appropriate law enforcement actions.

Whether you approve or disapprove of how this evidence was obtained should not enter into your deliberations because I now instruct you that the government's use of this evidence is entirely lawful.  You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has proved any defendant's guilt beyond a reasonable doubt.

**XX.**   <u>Use of Recordings [If Applicable]</u>

Video and audio recordings of various foreign-language conversations have been admitted into evidence, and the transcripts of English-language translations of those foreign-language recordings have been admitted into evidence.  I instruct you that it is the English translation of the conversations reflected on those transcripts that is the evidence.  The parties have stipulated that the English translation of the conversations are accurate and admissible as evidence.  As a result, you should not substitute your own understanding of any foreign language for that of any translation that was admitted in evidence.  You must accept the translations without regard to your own understanding of those foreign languages.

Whether you approve or disapprove of the recordings may not enter into your deliberations.  I instruct you that the recordings were made in a lawful manner, that no one's rights were violated, that the government's use of this evidence is lawful, and that it was properly

17

admitted into evidence.  Of course, it is for you to decide what weight, if any, to give to this evidence.

### XXI.    **Particular Investigative Techniques Not Required**

There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the government prove its case through any particular means. While you are to carefully consider the law enforcement evidence introduced by the government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.   The government is not on trial.  Law enforcement techniques are not your concern.

Your concern is to determine whether, on the evidence or lack of evidence, the guilt of the defendant you are considering has been proven beyond a reasonable doubt.

### XXII.    **Evidence of Other Wrongs or Acts [If Applicable]**

You have heard evidence of other acts allegedly committed by the defendants and/or their alleged co-conspirators that do not form the basis for any charge against the defendants.

That evidence was received for a limited purpose, and, if believed, you may consider it only for that limited purpose. You are not to consider that evidence for any other purpose. You may not use this evidence to conclude that because a defendant or his alleged co-conspirators committed the other acts then that defendant must also have committed the acts charged in the indictment.  You are not permitted to make such inferences.

And let me remind you that the defendants are not on trial for committing acts not alleged in the indictment.  Accordingly, you may not consider evidence of the prior acts as a substitute for proof that the defendants have a criminal personality or bad character.  The evidence of other, prior acts was admitted for a much more limited purpose and you may consider it only for that limited

18

purpose.

**XXIII.**   **Preparation of Witnesses**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

You may consider that fact when you are evaluating a witness's credibility.  There is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

**XXIV.**   **Expert Testimony [If Applicable]**

You have heard testimony from what we call expert witnesses.  An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in a specialized field can assist you in understanding the evidence or in reaching an independent decision on the facts. Your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your

19

judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing reliance on his or her testimony.

### XXV.    Charts and Summaries [If Applicable]

The government has presented exhibits in the form of charts and summaries.  These charts and summaries were admitted in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

### XXVI.    Persons Not on Trial

Some of the people who may have been involved in events leading to this trial are not on trial.  There is no requirement that all members of a conspiracy be prosecuted or that all members be tried together in the same proceeding.

You may not draw any inference, favorable or unfavorable, from the fact that any person in addition to the defendants is not on trial here.  You also may not speculate as to the reasons why other people are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

### XXVII.    Uncalled Witnesses—Equally Available

There are people whose names you heard during the course of the trial but who did not appear to testify.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should draw no inferences or reach no conclusion as

to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

### XXVIII.    <u>**Defendant's Right Not to Testify [If Requested by the Defendants]**</u>

Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.  Therefore, you must not attach any significance to the fact that a defendant did not testify.  No adverse inference against a defendant may be drawn by you because he did not take the witness stand, and you may not consider it against a defendant in any way in your deliberations in the jury room.

### XXIX.    <u>**Ignore External Sources of Information**</u>

I instruct you that anything you may have seen or heard about this case outside the courtroom is not evidence and must be disregarded.  Indeed, as I have instructed you throughout this case, you may not read, view, or listen to any media or press report or internet or social media posting about this case or about the people or issues referred to during this trial.  Your verdict must be based solely on the evidence or lack of evidence that came out in this Courtroom and the Court's instructions on the law.

**XXX.**     **Consider Each Count Separately**

In your deliberations and in reaching your verdict, you must consider each count separately, and determine whether the government has carried it burden of proof with respect to that charge. I will provide you with a verdict form, and

you will need to report the results of your deliberations on each count on the verdict form.

The indictment contains three counts.  Each count constitutes a   separate offense or crime.  You must consider each count of the indictment separately, and you must return a separate, unanimous verdict as to each count separately.  There is no significance to the order of the numbered counts or the specific number of counts charged.

You may only find a defendant guilty of a particular count if the government has proven each  element of the offense charged with respect to that count beyond a reasonable doubt.  Your verdict as to one count should not control your decision as to any other count.

**XXXI.**     **Multiple Defendants**

The indictment names the three defendants who are on trial together.  In reaching a verdict, however, you must bear in mind that guilt is individual.  Your verdict as to each defendant must be determined separately with respect to him, solely on the evidence presented against him without regard to the guilt or innocence of anyone else.

[If applicable:  Some of the evidence in this case was limited to one defendant.  Any evidence admitted solely against one defendant may be considered only as against that defendant and may not enter into your deliberations on any other defendant.]

## THE SUBSTANTIVE LAW

Now, let us turn to the substantive law that governs this case.

The defendants—Juan Orlando Hernandez, Juan Carlos Bonilla Valladares, and Mauricio Hernandez Pineda—have been formally charged in what is called an indictment.  An indictment is simply an accusation.  It is no more than the means by which a criminal case is started.  It is not evidence.  It is not proof of a defendant's guilt.  It creates no presumption, and it permits no inference that a defendant is guilty.  You are to give no weight to the fact that an indictment has been returned against the defendants.

Before you begin your deliberations, you will be provided with a copy of the indictment. I will first summarize the offenses charged and then explain in detail the elements of the charged offenses.

There are three counts, or "charges."

Count One charges the defendants with conspiring to violate the narcotics laws of the United States by entering into an agreement to engage in one or more of the following types of conduct: (i) importing cocaine into the United States; (ii) manufacturing or distributing cocaine, knowing or intending that it would be imported into the United States; and (iii) possessing cocaine with intent to distribute, or manufacturing or distributing cocaine, on board an aircraft registered in the United States.

Count Two charges the defendants with using or carrying machineguns or destructive devices, or aiding and abetting the use or carrying of machineguns or destructive devices, during and in relation to the crime charged in Count One of the Indictment.

Count Three charges the defendants with conspiring to use and carry machineguns or

23

destructive devices in connection with, and to possess machineguns or destructive devices in furtherance of, the crime charged in Count One of the Indictment

That is a summary of the three charges against the defendants, Juan Orlando Hernandez, Juan Carlos Bonilla Valladares, and Mauricio Hernandez Pineda.  The defendants have each entered a plea of not guilty and are presumed innocent of all charges.  You must consider each charge separately and determine whether the government has carried its burden of proof with respect to that charge.  In order for you to convict a defendant of a charge, it is necessary for you to find that the government has proven each and every element of that specific charge beyond a reasonable doubt.

## I.   <u>Count One</u>

### A.  **Elements of the Offense**

So let me turn now to Count One.  To sustain its burden of proof with respect to the charge of conspiracy contained in Count One of the Indictment, the government must prove beyond a reasonable doubt the following two elements:

<u>First</u>: that the conspiracy charged in Count One existed.  In other words, that from at least in or about 2000 up to and including in or about 2022, there was an agreement or understanding between two or more persons to engage in one or more of the following types of conduct: (i) import a controlled substance into the United States; (ii) manufacture and distribute a controlled substance, knowing or intending that the controlled substance would be imported into the United States; or (iii) possess a controlled substance with intent to distribute, and manufacture and distribute, a controlled substance on board an aircraft registered in the United States.

<u>Second</u>: that the defendant you are considering knowingly and intentionally associated

24

himself with, and joined in, the conspiracy.

### B.  First Element—Conspiracy

#### a.  Existence of a Conspiracy

So, what is a conspiracy?  A conspiracy is an agreement or an understanding, between two or more people, to accomplish by joint action a criminal or unlawful purpose.

The essence of conspiracy is an unlawful agreement to violate the law.  The success or failure of a conspiracy is not material to the question of guilt or lack of guilt of the conspirator, for a conspiracy is a crime entirely separate and distinct from the substantive crime that may be the goal of the conspiracy.  The crime of conspiracy is complete once the defendant enters into the unlawful agreement.

To establish the existence of a conspiracy, the government is not required to show that two or more persons sat around a table and entered into a solemn compact, orally or in writing, stating that they have formed a conspiracy to violate the law, and setting forth details of the plans and the means by which the unlawful project is to be carried out, or the part to be played by each conspirator.  Indeed, it would be extraordinary if there were such a formal document or specific agreement.  The adage "actions speak louder than words" is applicable here.

When people undertake to enter into a criminal conspiracy, much is left to unexpressed understanding.  Conspirators do not usually reduce their agreements to writing, nor do they publicly broadcast their plans.  Express language or specific words are not required to indicate assent or attachment to a conspiracy.  From its very nature, a conspiracy is almost invariably characterized by secrecy, which makes detection difficult.

You need only find that the defendant you are considering entered into the unlawful agreement alleged in the indictment with one or more other persons in order to find that a conspiracy existed.

If, upon consideration of all the evidence, direct and circumstantial, you find beyond a reasonable doubt that two or more persons had a meeting of the minds – that is, they agreed to work together in furtherance of the unlawful scheme – then proof of the existence of the conspiracy is established.

In order for the government to prove a conspiracy, it must prove that the conspiracy existed between at least two individuals who were not acting at the direction of the government at the time of the conspiracy.   In other words, the relevant question is whether the government has proved beyond a reasonable doubt that the criminal agreement charged in Count One was reached between the defendant you are considering or other individuals who were not working at the direction of the government at that time.

### ***The Objects of the Conspiracy***

The object of a conspiracy is the illegal goal that the co-conspirators agree or hope to achieve.

As I mentioned previously, there are three objects in the conspiracy charged in Count One: (i) the importation of a controlled substance from a place outside the United States into the United States; (ii) the manufacture or distribution of a controlled substance, with the knowledge or intent that some of the controlled substance would be unlawfully imported into the United States; or (iii) the possession of a controlled substance with intent to distribute, or the manufacturing or distribution of a controlled substance, on board an aircraft registered in the United States.

26

The government does not have to prove all three objects charged. Rather, proof beyond a reasonable doubt of an agreement to accomplish any one of the three objects of the alleged conspiracy is sufficient. You must be unanimous as to which object you find a defendant guilty. That is, you must all be in agreement with respect to at least one of the alleged objects of the conspiracy charged in Count One.

With respect to the second object—the distribution or manufacture of a controlled substance with the intent or knowledge that some of the controlled substance would be imported into the United States—it is not necessary for the government to prove that the conspiracy had as its object <u>both</u> the distribution <u>and</u> the manufacture of a controlled substance. It is sufficient if you find that the conspiracy was aimed at <u>either</u> the manufacture <u>or</u> the distribution of a controlled substance, with the intent or knowledge that some of it would later be imported into the United States. Here too, you must be unanimous as to which of these objectives—manufacture or distribution, or both—the conspiracy had.

With respect to the third object—the manufacture or distribution, or the possession with intent to distribute a controlled substance on board an aircraft registered in the United States—it is not necessary for the government to prove that the conspiracy had as its object the manufacture <u>and</u> distribution of a controlled substance, as well as the possession of a controlled substance with intent to distribute. It is sufficient if you find that the conspiracy was aimed at any one of those objectives on board an aircraft registered in the United States. Here too, you must be unanimous as to which of these objectives—manufacture, distribution, or possession with intent to distribute, or all three—the conspiracy had.

I instruct you that cocaine is a controlled substance. But the purity of the narcotics involved

27

is not an element of the crime charged, so you need not be concerned with that.  I also instruct you that a defendant need not know the exact nature of the drug.  Also, in considering whether a conspiracy existed, you need not consider whether the government has proved that a particular quantity of a controlled substance was involved in the charged conspiracy.

Now, let me define the terms "import," "distribute," "manufacture," "possession with intent to distribute," and "on board an aircraft registered in the United States," with respect to the objects charged in Count One.

### *"Import"*

The term "import" has its common, everyday meaning – namely, to "bring" or "introduce" something into an area of the United States.  To "import" a substance means to bring or transport a substance into the United States from some place outside the United States.

It is not necessary for you to find that a defendant or any co-conspirator actually carried, or agreed to actually carry, a controlled substance into the United States.  Nor must you conclude that others in the conspiracy ultimately succeeded in actually bringing the controlled substance into the country.

### *"Distribute"*

The word "distribute" means the actual, constructive or attempted transfer of a controlled substance.  To distribute simply means to deliver, to pass on, to hand over something to another person, or to cause it to be delivered, passed on or handed over to another.  Distribution does not require a sale, but includes sales.

### *"Manufacture"*

To "manufacture" a controlled substance means to produce, prepare, or process, in this

28

context, a controlled substance, or to engage or participate in a process that results in the production of the controlled substance.

Again, with respect to Count One, since the defendants are charged with conspiring to manufacture or distribute a controlled substance, it is not necessary for you to find that the defendant you are considering actually manufactured or distributed a controlled substance. Nor must you conclude that others in the conspiracy actually manufactured or distributed anything. You need only find that the defendant you are considering and others knowingly agreed to manufacture or distribute a controlled substance.

### *"Possession with Intent to Distribute"*

The word "distribution" means the process of actual, constructive, or attempted transfer of a controlled substance, including a sale. Distribution does not require a sale, but includes sales.

The legal concept of "possession" may differ from the everyday usage of the term. Actual possession is what most of us think of as possession – that is, having physical custody or control of an object, as I possess this bottle of water. However, a person need not have actual, physical possession – that is, physical custody of an object – in order to be in legal possession of it. If a person has the ability to exercise substantial control over an object, even if he or she does not have the object in his physical custody, and that person has the intent to exercise such control, then the person is in possession of that object. This is called "constructive possession."

Control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item and another person who has actual physical custody. The person having control "possesses" the narcotics, because he or she has an effective working relationship with the person who has actual physical custody of the

29

narcotics, and because he or she can direct the movement or transfer or disposition of the narcotics.  In addition, an individual may have possession of an item that is not found on his person, because that individual has a relationship to the location where the item is maintained.  In this manner, for example, a businessperson may possess things that are scattered throughout a number of stores or offices or installations around the country.

More than one person can have control over the same narcotics.  The law recognizes that possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If more than one person has possession of it, as I have defined possession for you, then possession is joint.  That is what is meant by "possession."

Finally, possession and ownership are not the same.  A person can possess an object and not be the owner of the object.

Let me give you an example.  As I told you, if I hold this bottle up, I possess it.  Another example:  Let's say that I brought in some candy today and left it on my deputy clerk's desk.  My deputy clerk knows that she can't eat all of the candy; she'd better leave some for me.  I do not physically possess the candy but I do have control over it.  My deputy clerk also has control over it.  I can be said to "possess" the candy jointly with my deputy clerk.

One more example: Say my grandmother left me some jewelry when she died, and it is now sitting in a safe deposit box at the bank.  My siblings and I know that we are the only people who can get into that box.  Do we have possession of the jewelry?  Absolutely, we have possession of it, even though it's in a safe deposit box inside a bank, and not in our hands or even in our homes.

If you find that a person knowingly possessed a controlled substance, then you must decide whether the person intended to distribute it.  Possession "with intent to distribute" simply means the possession of a controlled substance with the intention or purpose to "distribute" it to another person or persons.  As I explained, to "distribute" means simply to transfer to another.

Often it is possible to determine whether someone had an "intent to distribute" from the quantity of drugs that were possessed, although the possession of a large quantity of narcotics does not necessarily mean that an individual intended to distribute them.  On the other hand, an individual may have intended to distribute a controlled substance even if he did not possess a large quantity of it.

The government need prove only one object of the conspiracy.  The government need not prove all three.  You must be unanimous, however, as to which act, if any, was proven beyond a reasonable doubt to have been the object of the conspiracy.

### *"On board an aircraft registered in the United States"*

I also instruct you that a defendant need not know that the narcotics would be or were possessed on board an aircraft that was registered in the United States.  If the government proves that an aircraft used or intended to be used in the conspiracy was registered in the United States, that is enough.

### C.  Second Element — Membership in the Conspiracy

If you conclude that the government has proven beyond a reasonable doubt that the existence of the conspiracy charged in Count One, then you must next determine whether the defendant you are considering participated in the conspiracy with knowledge of its unlawful purpose, and in furtherance of its unlawful objective or objectives.

31

The government must prove beyond a reasonable doubt that the defendant you are considering knowingly and intentionally entered into the conspiracy charged in Count One with a criminal intent—that is, with a purpose to violate the law—and that the defendant you are considering agreed to take part in the conspiracy to promote and cooperate in its unlawful objective or objectives.

### *"Knowingly" and "Intentionally" Defined*

An act is done "knowingly" and "intentionally" if it is done deliberately and purposely. That is, a defendant's acts must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident, mere negligence, or some other innocent reason. The fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you evidence of certain acts, conduct, and conversations. The government contends that these acts, conduct, and conversations show, beyond a reasonable doubt, the defendants' knowledge of the unlawful purpose of the conspiracy. By pleading not guilty, a defendant denies that he committed the charged offense. It is for you to determine whether the government has proven, beyond a reasonable doubt, the knowledge and intent of the defendant you are considering.

It is not necessary for a defendant to have been the owner of, or responsible for, the controlled substance that was intended to cross the United States border. Other individuals or organizations may be the owners of or responsible for the narcotics intended to cross the border, but a defendant may nonetheless be guilty of conspiring to distribute or manufacture the narcotics

with the knowledge or intent that they be imported, if the Government proves the elements of Count One as I am explaining them to you.

It is not necessary for the government to show that a defendant was fully aware of every detail of that conspiracy, or that a defendant knew every other member of that conspiracy. A defendant may know only one other member of that conspiracy and still be a co-conspirator. It also is not necessary for a defendant to receive any monetary benefit from his participation in that conspiracy, or to have a financial stake in the outcome. It is enough if he participated in that conspiracy intentionally and knowingly.

The duration and extent of a defendant's participation in the conspiracy charged in Count One has no bearing on the issue of a defendant's guilt. A defendant need not have joined the conspiracy at the outset. He may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined and all that was done during that conspiracy's existence while he was a member. Each member of a conspiracy may perform separate and distinct acts. Some conspirators play major roles, while others play minor roles. An equal role is not what the law requires. Even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

However, a person's mere presence at the scene of a crime does not, by itself, make him a member of the conspiracy. Similarly, a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy exists. What is necessary is that a defendant participate in the conspiracy with knowledge of its unlawful purpose, and with an intent to aid in the accomplishment of its unlawful objective or objectives.

33

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

### D.  Count One: Time of Conspiracy

The conspiracy charged in Count One is alleged to have existed from in or about 2000, up to and including in or about 2022. It is not essential that the government prove that the conspiracy alleged started and ended on any specific date. Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time around the dates that I just mentioned.

### E.  Count One: Liability for Acts and Declarations of Co-Conspirators

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy. Accordingly, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed under the law to be the acts or statements of all of the members of the conspiracy, and all of the members of the conspiracy are responsible for such acts or statements. This rule applies even though such acts or statements were not made or committed in a defendant's presence or were made or committed without his knowledge.

### F.  Count One: Special Interrogatory on Drug Type and Quantity

If, and only if, you find that the government has proved beyond a reasonable doubt that the defendant you are considering is guilty of participating in the conspiracy charged in Count One, you must then determine the type of controlled substance involved in the conspiracy and its weight.

You will be provided with a verdict form that will include spaces for you to indicate your determinations as to drug type and quantity.

### *Drug Type*

The government has alleged that cocaine was the controlled substance involved in the conspiracy charged in Count One.  I instruct you as a matter of law that cocaine is a "controlled substance" as I previously defined for you.  The government need not prove the purity of the cocaine—any mixture or substance containing a detectable amount of cocaine is sufficient.

### *Drug Quantity*

You need not determine the precise quantity of cocaine.  Instead, if you reach the question of quantity, indicate on the verdict form whether the government has established beyond a reasonable doubt that the conspiracy involved five kilograms or more of mixtures or substances containing a detectable amount of cocaine.  Your finding on quantity must be unanimous in the sense that all of you must agree that the conspiracy involved at least the quantity you indicate.  Only if you all agree that the conspiracy involved five kilograms or more of cocaine should you mark that finding on the verdict form.

### *Defendant's Involvement*

In making your determination about quantity, you should include whatever quantity of cocaine was involved in any act or acts in which a defendant personally and directly participated.

If you find that the defendant you are considering personally or directly participated in a jointly undertaken drug transaction, he is responsible for the full quantity of the drugs involved in that transaction.

In addition, in making your determination about quantity, you should also include any other

35

quantity of cocaine involved so as long as that quantity was either known to the defendant or reasonably foreseeable to him, and within the scope of the conspiracy.  Reasonably foreseeable means that a defendant could have reasonably anticipated the type and quantity of drugs involved in the conspiracy.

## II.   <u>Count Two</u>

### A. Count Two: Overview

Count Two charges the defendants with using and carrying machineguns or destructive devices in connection with, as well as aiding and abetting the possession of machineguns or destructive devices in connection with, the drug-trafficking crime charged in Count One of the Indictment.

Specifically, Count Two charges that from at least in or about 2000, up to and including in or about 2022, the defendants, during and in relation to the narcotics importation conspiracy charged in Count One, knowingly used and carried firearms in furtherance of the conspiracy. Count Two also charges the defendants with aiding and abetting the use, carrying and possession of those firearms, specifically including machineguns that were capable of automatically shooting more than one shot without manual reloading by a single function of the trigger, as well as destructive devices.

### B.  Count Two: Elements

In order to convict the defendants of Count Two, the government must prove the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant you are considering committed the drug-trafficking crime charged in Count One of the Indictment.  Therefore, if you conclude that the defendant's guilt has been

proven beyond a reasonable doubt as to Count One, then this element has been satisfied.  If the government has not met its burden as to Count One, this element has not been satisfied.

Second, that the defendant you are considering knowingly used or carried a firearm during and in relation to the drug-trafficking crime charged in Count One, or possessed a firearm in furtherance of that drug-trafficking crime charged in Count One, or aided and abetted another in such use, carrying, or possession of a firearm.

I will define for you certain terms related to the second element of Count Two.

### ***"Use"***

In order to prove that a defendant used machineguns or destructive devices, the government must prove beyond a reasonable doubt an active employment of a machinegun or a destructive device by that defendant during and in relation to the commission of a drug-trafficking crime.

This does not mean that the defendant you are considering must actually fire or attempt to fire the machinegun or destructive device, although those would obviously constitute use of the machinegun or destructive device.  Brandishing, displaying, or even referring to the machinegun or destructive device so that others present know that the defendant you are considering has the machinegun or destructive device available, if needed, all constitute use of a machinegun or destructive device.  The mere possession of a machinegun or destructive device at or near the site of the crime without active employment as I just described is not, however, sufficient to constitute use of a machinegun or destructive device.

### ***"Carry"***

In order to prove that a defendant carried a machinegun or a destructive device, the government must prove beyond a reasonable doubt that the defendant had a machinegun or a

destructive device within his control so that it was available in such a way that it furthered the commission of the crime. The defendant you are considering need not have held a machinegun or a destructive device physically, that is, have had actual possession of it on his person.

If you find that the defendant you are considering had dominion and control over the place where a machinegun or a destructive device was located, and had the power and intention to exercise control over that machinegun or destructive device, and that the machinegun or destructive device was immediately available to him in such a way that it furthered the commission of the drug-trafficking crime charged in Count One, you may find that the government has proven that the defendant you are considering carried the machinegun or destructive device.

### *"Possess"*

I have previously defined the word "possess," and those instructions apply equally here.

I will also add that possession of a machinegun or a destructive device in furtherance of a drug-trafficking crime requires that a defendant possessed a machinegun or a destructive device and that the possession advances or moves forward the crime. The mere presence of a machinegun or a destructive device is not enough. Possession in furtherance requires that the possession be incident to and an essential part of the crime. The machinegun or destructive device must have played some part in furthering the crime in order for this element to be satisfied.

Finally, I advise you that the fact that a defendant has a license to carry a firearm is not a defense to Count Two.

### D. Count Two: Aiding and Abetting

Now, I will now instruct you on the concept of aiding and abetting. For Count Two, a defendant may be found guilty if he aided and abetted a third party who committed the crime.

Aiding and abetting liability is its own theory of criminal liability.

Under the relevant federal statute, one way that a defendant may be found guilty of aiding and abetting a crime is if that defendant, while not himself committing the crime, assisted another person or persons in committing the crime. Specifically, under the federal aiding-and-abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal. A person who aids and abets another to commit an offense is just as guilty of that offense as if he had committed it himself.

Therefore, if you find that the government has proven beyond a reasonable doubt that another person actually committed a crime with which a defendant is charged, and that the defendant you are considering aided and abetted that person in the commission of the offense, then you may find the defendant you are considering guilty of that crime. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person. But if you do find that a crime was committed, then you must consider whether the defendant you are considering aided or abetted the commission of the crime.

Under this theory, in order to aid and abet another to commit a crime, it is necessary that a defendant willfully and knowingly associated himself in some way with the crime, and that he willfully and knowingly sought by some act to help make the crime succeed. Participation in a crime is willful if action is taken voluntarily and intentionally or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done—that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even when coupled with knowledge by that defendant that a crime is being committed, is not sufficient to make that

defendant guilty as an aider and abettor. Such a defendant would only be guilty of the offenses as an aider or abettor if in addition to knowing of the criminal activity he actually took some action intending to help the crime succeed.

In considering this theory of liability, ask yourselves these questions:

- Did the defendant you are considering participate in the crime charged as something he wished to bring about?

- Did he associate himself with the criminal venture knowingly and willfully?

- Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant you are considering is an aider and abettor, and therefore guilty of the offense.

Under the statute, another way a defendant may be found guilty of aiding and abetting the criminal acts of another is if that defendant intentionally caused another person to physically commit the crime. Specifically, the statute provides that whoever "willfully causes an act to be done which if directly performed by him or another" would be an offense, is punishable as a principal.

Thus, as to Count Two, if the defendant you are considering intentionally caused another to possess a machinegun or a destructive device during and in relation to, or in furtherance of, the drug-trafficking crime charged in Count One, then that defendant is guilty of the crime charged in Count Two just as if he had physically committed the crime himself.

Finally, you may also find the defendant you are considering guilty of aiding and abetting the crime charged in Count Two if you find that he actively participated in the drug-trafficking crime charged in Count One with advance knowledge that another participant in the crime would

40

use or carry a machinegun or a destructive device during and in relation to, or possess a machinegun or a destructive device in furtherance of, that crime.  Advance knowledge means knowledge at a time that the defendant can attempt to alter the plan or withdraw from it.

Knowledge of the machinegun or destructive device may, but does not have to, exist before the underlying crime is begun.  It is sufficient if the knowledge is gained in the middle of the underlying crime, so long as the defendant you are considering continues to participate in the crime and has a realistic opportunity to withdraw from it.   You may, but need not, infer that the defendant you are considering has sufficient foreknowledge if you find that the defendant continued his participation in the crime after learning about the use, carrying, or possession of a machinegun or a destructive device by a confederate.

### E.  Count Two: Special Interrogatory on Firearm Type

If, and only if, you find that the government has proved beyond a reasonable doubt that the defendant you are considering is guilty of committing, or aiding and abetting the commission of, the firearms offense charged in Count Two, you must then determine whether the offense involved a "machinegun" or "destructive device." The verdict form will include spaces for you to indicate your determinations as to firearm type on Count Two.

#### _"Machinegun"_

A machinegun is "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger."

#### _"Destructive Device"_

The term destructive device includes any explosive bomb or grenade, and any type of

weapon other than a shotgun or a shotgun shell that will expel a projectile by the action of an explosive or other propellant, and that has any barrel with a bore of more than one-half inch in diameter.  A bore is the hollow interior of the barrel of a gun.

### III.  Count Three

#### A. Count Three: Overview

Count Three is also a conspiracy charge.  It charges that from at least in or about 2000, up to and including in or about 2022, the defendants agreed with others to use and carry a firearm during and in relation to the drug-trafficking crime charged in Count One of the Indictment, or to possess a firearm in furtherance of the drug-trafficking crime charged in Count One.

Specifically, Count Three charges that from at least in or about 2000, up to and including in or about 2022, the defendants, and others intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the federal laws prohibiting using or carrying firearms in furtherance of the narcotics importation conspiracy charged in Count One. The object of the conspiracy charged in Count Three is the knowing use and carrying of firearms, and the knowing possession of firearms, in furtherance of the narcotics importation conspiracy charged in Count One, including machineguns that were capable of automatically shooting more than one shot without manual reloading by a single function of the trigger, as well as destructive devices.

#### B. Count Three: Elements

To sustain its burden of proof with respect to the charge of conspiracy contained in Count Three of the Indictment, the government must prove beyond a reasonable doubt the following two elements:

First: that the conspiracy charged in Count Three existed.  In other words, that from at least in or about 2000 up to and including in or about 2018, there was an agreement or understanding between two or more persons to engage in one or more of the following types of conduct (i) to use or carry a firearm during and in relation to the drug-trafficking crime charged in Count One of the Indictment, or (ii) to possess a firearm in furtherance of the crime charged in Count One.

Second: that the defendant you are considering knowingly and intentionally associated himself with, and joined in, the conspiracy.

I have already provided you instructions on what is means to use or carry a machinegun or a destructive device in relation to a drug-trafficking crime or possess a machinegun or a destructive device in furtherance of that crime.  I have also already instructed you on the law of conspiracy, and you should apply those instructions with respect to Count Three.  All of those instructions apply equally here.

## C. Count Three: Special Interrogatory on Firearm Type

If, and only if, you find that the government has proved beyond a reasonable doubt that the defendant you are considering is guilty of committing the firearms offense charged in Count Three, you must then determine whether the offense involved a "machinegun" or "destructive device."

I instructed you on the meaning of the terms "machinegun" and "destructive device" in connection with Count Two, and those instructions apply equally for the Special Interrogatory on Count Three.

The verdict form will include spaces for you to indicate your determinations as to firearm type on Count Three.

43

IV.   <u>**Venue**</u>

Congress has determined that certain acts begun or committed outside the territorial jurisdiction of the United States are chargeable under U.S. law. This applies to Counts One, Two, and Three of the Indictment.  Thus, the government need not prove that the crime was committed in the Southern District of New York, this district, or that the defendant you are considering was himself present here.   Instead, it is enough if you find that the point of entry where any coconspirator of the defendant you are considering was first brought into the United States was in the Southern District of New York.   And I think I told you already, it's Manhattan, the Bronx, Westchester, Dutchess, Orange, Rockland, Putnam, and Sullivan Counties.

Thus, for example, if you determine that one of the coconspirators of the defendant you are considering was first brought into the United States within the Southern District of New York in connection with the coconspirator's arrest, venue would be appropriate in the Southern District of New York as to the defendant.

V.   <u>**Variance in Dates**</u>

You will note that the indictment alleges that certain acts occurred on or about various dates.  It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date.  The law requires only a substantial similarity between the dates alleged in the indictment and the dates established by the evidence.

## CONCLUDING CHARGES

### I.   Possible Punishment Is Not to Be Considered by the Jury

The possible punishment of a defendant in the event of conviction is not a proper consideration for the jury and should not, in any way, enter into or influence your deliberations. The duty of imposing sentence belongs to the judge, and the judge alone.  Your function is to weigh the evidence and to determine whether the defendant is or is not guilty upon the basis of evidence and the law.

Therefore, I instruct you not to consider possible punishment in any way in your deliberations in this case.

### II.   Right to Request Exhibits or Have Testimony Read

I will allow the exhibits actually received into evidence to go with you into the jury room.

If you want any of the testimony read, please send out a note specifying what you want to hear, and we will bring you back to the Courtroom to read it back for you.  Please be as specific as you possibly can in requesting exhibits or portions of the testimony.  If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for testimony—in fact, any communications with the Court—should be made to me in writing, signed by your foreperson, and given to the Deputy Marshal outside the jury room.  In any event, do not tell me or anyone else what the vote is until after a unanimous verdict is reached.

I am also sending a copy of the indictment into the jury room for you to have during your deliberations.  You are reminded, however, that an indictment is merely an accusation; it is not evidence.

45

### III.    <u>Notes</u>

Some of you have taken notes periodically throughout this trial.  Notes that any of you may have made may not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

### IV.    <u>Duty to Deliberate/Unanimous Verdict</u>

In a few moments, you will retire to decide the case.  It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.   Your verdict must be unanimous, but you are not bound to surrender your conscientiously held beliefs concerning the effect or weight of the evidence for the mere purpose of returning a verdict solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt the conclusion that in your good conscience appears to be in accordance with the evidence and the Court's instructions on the law.

Please remember, you are not partisans.  You are judges—judges of the facts—not representatives of a constituency or cause.

If at any point you find yourselves divided, do not inform the Court of the vote.  Once you

have reached a verdict, do not announce what the verdict is until I ask you to do so in the courtroom.

## V.   **Duties of Foreperson**

Once you get into the jury room, you must select a foreperson who will be responsible for signing all communications to the Court on behalf of the jury and for handing them to the Deputy Marshal during your deliberations.  This should not be understood to mean that an individual cannot send the Court a note should the foreperson refuse to do so.

## VI.   **Return of Verdict**

After you have reached a verdict, your foreperson will advise the Deputy Marshal outside your door that you have reached a verdict.  The foreperson fills out one copy of the verdict sheet, signs it as foreperson, and puts the date on it, and puts it in the envelope and hands it to the Deputy Marshal indicating that the envelope contains the verdict.

I will stress that each of you must be in agreement with the verdict that is announced in Court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

## **CONCLUSION**

Your function now is to weigh the evidence in this case and to determine whether the government has or has not proven beyond a reasonable doubt the guilt of defendants Juan Orlando Hernandez, Juan Carlos Bonilla Valladares, and Mauricio Hernandez Pineda with respect to each of the three counts in the indictment.

You must base your verdict solely on the evidence or lack of evidence in this case and these instructions as to the law.  I am sure that if you listen to the views of your fellow jurors and if you

apply your own common sense you will reach a verdict in accordance with the evidence and the law.

Finally, let me state that your oath, the oath you took at the beginning of the trial, sums up your duty and that is:  without fear or favor to anyone you will well and truly try the issues, based solely upon the evidence or lack of evidence and this Court's instruction as to the law.

Ladies and gentlemen, that concludes my instructions. Please stand up and stretch while I meet with the attorneys at the sidebar.

## ADDITIONAL CHARGES [If Applicable]

### I.   Conscious Avoidance

My instructions on Count One included an instruction on the concept of knowledge.  Let me say one other thing about that concept.

In determining whether the defendant you are considering acted knowingly, you may consider whether that defendant deliberately closed his eyes to what would otherwise have been obvious to him.

In determining whether the defendant you are considering acted knowingly and intentionally regarding the object or purpose of the conspiracy charged in Count One, you may consider whether that defendant deliberately closed his eyes to what otherwise would have been obvious.  As I said, knowledge cannot be established by showing that the defendant you are considering was careless or negligent.  On the other hand, one may not willfully and intentionally remain ignorant of a fact that is material and important to one's conduct in order to escape the consequences of the criminal law.

I want to be clear that this concept only applies when determining whether the defendant you are considering knew the object or purposes of the conspiracy; it does not apply when determining whether the defendant you are considering  knowingly participated in the conspiracy. It is logically impossible for a defendant to join a conspiracy unless he knows that a conspiracy exists.

Thus, if you find that the defendant you are considering was aware of a high probability that the conspiracy at issue in Count One was to manufacture or distribute cocaine so that it could be imported into the United States, and that defendant consciously avoided confirming that fact,

you may infer that he implicitly had knowledge.  If, however, the defendant you are considering

actually believed that the conspiracy was not to manufacture or distribute cocaine so that it could

be imported into the United States, or if that defendant was merely negligent or careless with regard

to what knowledge he had, he lacked the knowledge necessary to become a co-conspirator.

> Adapted from the Hon. Paul A. Crotty, Jury Charge, *United States v. Campo Flores, et ano.*, 15 Cr. 765 (PAC) (S.D.N.Y. 2017); *see also* the Hon. Jed S. Rakoff, Jury Charge, *United States* v. *Henareh*, 11 Cr. 93 (JSR) (S.D.N.Y. 2012); the Hon. Lewis A. Kaplan, Jury Charge, *United States v. Salazar,* 05 Cr. 517 (LAK) (S.D.N.Y. 2007) and Jury Charge, *United States v. Trujillo,* 01 Cr. 1077 (LAK) (S.D.N.Y. 2004); and the Hon. Richard J. Sullivan, Jury Charge, *United States v. Eskamp*, 12 Cr. 120 (RJS) (S.D.N.Y. 2014).

> *See United States v. Henareh*, 563 F. App'x 808, 811 (2d Cir. 2014) ("A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact. . . .  In other cases, we have explained that this charge is appropriate when a defendant asserts what amounts to ignorance of the specific objectives alleged. . . .  In this regard, Henareh overlooks his own testimony . . . including his express denials that he knew the drugs at the heart of the conspiracy were intended for the United States. . . .  Our review of the record confirms that this is the very instance when a defendant's purported lack of knowledge defense, despite [his] deep involvement in the transactions that effectuated [the crime], all but invite[s] the conscious avoidance charge. . . .  We find no error, plain or otherwise, in the district court's instruction to the jury" (citations and quotations omitted)); *United States v. DiTommaso*, 817 F.2d 201, 219 (2d Cir. 1987) ("Here, both Molina-Chacon and Risatti asserted ignorance of the specific objectives alleged in the indictment—accordingly, a 'conscious avoidance' instruction was fitting[.]"); *see also United States v. Lange*, 834 F.3d 58, 78 (2d Cir. 2016) (explaining that conscious avoidance charge was appropriate in conspiracy case where the defendant "argued at trial that he lacked knowledge of the nature of the fraudulent schemes"); *United States v. Cuti*, 720 F.3d 453, 464 (2d Cir. 2013) ("This purported lack of knowledge defense, despite Tennant's deep involvement in the transactions [at issue], all but invited the conscious avoidance

50

charge."); *United States v. Flores*, No. 15 Cr. 765 (PAC), 2017 WL 1133430, at *7 (S.D.N.Y. Mar. 24, 2017) (holding that conscious avoidance instruction was appropriate where defendants intentionally avoided confirming that the target of their drug conspiracy was the United States).

## II.   <u>Character Witness</u>

There has been testimony that defendant [the Court is respectfully requested to describe the testimony, such as, has a good reputation for honesty and integrity in the community].  This testimony bears on that defendant's character.

Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant you are considering.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.

But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant you are considering is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense, and you should not acquit the defendant you are considering merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of the defendant you are considering.  The guilt or innocence of the defendant you are considering is for you alone to determine and that should be based on all the evidence you have heard in the case.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-15; *see United States v. Pujana-Mena*, 949 F.2d 24, 27-32 (2d Cir. 1991) (defendant not entitled to a charge that character evidence "standing alone" is enough for acquittal).

### III.    <u>False Exculpatory Statements</u>

You have heard testimony that the defendants made certain statements outside the courtroom in which the defendants claimed that their conduct was consistent with innocence and not with guilt.  The Government claims that these statements, in which the defendants exonerated or exculpated themselves are false.  If you find that the defendants gave a false statement in order to divert suspicion from themselves, you may—but are not required to—infer that the defendants believed that they were guilty.  Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his or her innocence.  You may not, however, rely on this evidence alone to support a finding of guilt.  Whether a particular defendant's statement does or does not point to consciousness of guilt and the significance, if any, to be attached to any such evidence are matters for you, the jury, to decide.

Adapted from the Modern Federal Jury Instructions ¶ 6-11; *see also United States* v. *Strother*, 49 F.3d 869, 877 (2d Cir. 1995) (collecting cases).

Date:   New York, New York
        May 1, 2023

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:     _____/s/_____

Jacob H. Gutwillig
David J. Robles
Elinor L. Tarlow
Kyle A. Wirshba
Assistant United States Attorneys
(212) 637- 2215 / 2550 / 1036 / 2493

Cc: Defense Counsel (via ECF)

52