# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JUAN ORLANDO HERNANDEZ,
    a/k/a "JOH,"
JUAN CARLOS BONILLA VALLADARES,
    a/k/a "Tigre," and
MAURICIO HERNANDEZ PINEDA,

        Defendants.

S4 15 Cr. 279 (PKC)
S7 15 Cr. 379 (PKC)
S8 15 Cr. 379 (PKC)


**PROPOSED EXAMINATION OF PROSPECTIVE JURORS**


DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007


Jacob H. Gutwillig
David J. Robles
Elinor L. Tarlow
Kyle A. Wirshba
Assistant United States Attorneys
    *Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JUAN ORLANDO HERNANDEZ,
        a/k/a "JOH,"
JUAN CARLOS BONILLA VALLADARES,
        a/k/a "Tigre," and
MAURICIO HERNANDEZ PINEDA,

        Defendants.

S4 15 Cr. 379 (PKC)
S7 15 Cr. 379 (PKC)
S8 15 Cr. 379 (PKC)

## QUESTIONS FOR JURORS

Please inform the Court if your answer to any of the following questions is "yes."  If you would prefer to give your answer at the "sidebar" please say so.

### A. General Questions

1. Do you have a problem with your hearing or vision that would prevent you from giving attention to all of the evidence at this trial?

2. Do you have any difficulty understanding or reading English?

3. Do you speak Spanish?  One or more of the witnesses in this trial will testify using the Spanish language.  That testimony will be translated for you by a court-certified interpreter.  Even if you speak Spanish, you are obligated under the law to accept as binding the translations of witness testimony provided to you by the court-certified interpreter.  Would you be unwilling or unable to follow the Court's instruction on this subject?

4.  Do you have any special medical problems or take any medications that might interfere with your service as a juror in this case?

5.  Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person?

6.  The judge and the jury have separate roles in the trial of a case.  Your job as jurors is to determine the facts based on the evidence presented at the trial.  My job is to instruct you as to the law that governs or controls the case.  It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  On these legal matters, you must take the law as I give it to you.  Would you be reluctant or unwilling to follow my instructions as to the law governing this case?

7.  Do you have any personal knowledge of the facts or the charges in this case as I have described them to you?

8.  Would you be unable or unwilling to accept and follow the principle of law that a defendant is presumed innocent throughout the course of the trial unless and until the government proves him guilty beyond a reasonable doubt?

9.  Would you—for reasons that have nothing to do with the law or the evidence—be reluctant or unwilling to render a guilty verdict?

10. Would you—for reasons that have nothing to do with the law or the evidence—be reluctant or unwilling to return a verdict of not guilty?

11. Would you be unable or unwilling to accept and follow the principle of law that the question of punishment is for the Court alone to decide and that the possible punishment

must not enter into the deliberations of the jurors as to whether any defendant on trial here is guilty?

12. Would you be unable or unwilling to accept and follow the principle of law that sympathy must not enter your deliberations as a juror?

13. Under our Constitution, no person accused of a crime is required to testify at trial and jurors may not draw any unfavorable inference against any defendant if he should elect not to testify. Would any of you be unwilling or unable to follow that instruction?

14. The government is represented here by the United States Attorney for the Southern District of New York, who is Damian Williams.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Jacob Gutwillig, David Robles, Elinor Tarlow, and Kyle Wirshba.  They will be assisted by Special Agent Matthew Passmore of the Drug Enforcement Administration, and by Kayla Collins, a paralegal in the U.S. Attorney's Office.  Do you know, or have you had any dealings, either directly or indirectly with any of these individuals?

15. The defendants in this case are Juan Orlando Hernandez, Juan Carlos Bonilla Valladares, and Mauricio Hernandez Pineda.  Do you know, or have you had any dealings, either directly or indirectly, with any of the defendants or with any relative, friend or associate of any of the defendants?

16. Mr. Hernandez is represented by Raymond Colon.  Do you know, or have you had any dealing, either directly or indirectly, with Mr. Colon?

17. Mr. Bonilla Valladares is represented by Raoul Zaltzberg and Bernarda Villalona. Do you know, or have you had any dealing, either directly or indirectly, with Mr. Zaltzberg or Ms. Villalona?

18. Mr. Hernandez Pineda is represented by Richard Ma and Ken Womble. Do you know, or have you had any dealing, either directly or indirectly, with Mr. Ma or Mr. Womble?

19. Do you know, or have you had any dealings, either directly or indirectly with any of the persons or places listed in <u>Schedule A</u> (the document attached to the end of this form)[1]?

20. Have you or anyone with whom you are close ever been employed by or had dealings with any employee or representative of the United States Attorney's Office for the Southern District of New York or the U.S. Department of Justice? Have you or anyone with whom you are close ever been employed by or had dealings with any employee or representative of the Drug Enforcement Administration (the "DEA"), the Bureau of Alcohol Tobacco and Firearms (the "ATF"), the Federal Bureau of Investigations (the "FBI"), or the New York City Police Department?

21. The witnesses in this case will include present or former members of law enforcement, including members of the DEA. Would any of you be unable or unwilling to follow my instruction that the testimony of a law enforcement officer is entitled to no more and no less weight than the testimony of another witness simply because the witness is a law enforcement officer?

22. Have you, or has anyone with whom you are close, either as an individual or in the course of business, ever been party to any legal action or dispute with any state or local law

---

[1] The government will provide a proposed Schedule A closer to the commencement of trial.

enforcement agency, the United States or any of the officers, departments, agencies, or employees of the United States, or had any interest in such legal action or dispute or its outcome?

23. Have you or anyone with whom you are close ever been questioned in relation to, involved with, or appeared as a witness in any investigation by (a) a federal or state grand jury, (b) a congressional or state legislative committee, (c) a licensing authority, or (d) a federal, state or local law enforcement agency?

24. Are you, or is anyone close to you, under subpoena or about to be subpoenaed in any criminal case?

25. Have your or has anyone you are close to, including family or friends, ever visited or resided in Honduras?

26. Do you have any knowledge or opinions about the country of Honduras or its government that would impact your ability to be fair and impartial in this case?

27. During the trial, I expect that you will hear evidence concerning actions taken by officials in the government of Honduras.  Does the fact that these charges involve allegations of misconduct by public officials in Honduras affect your ability to render a fair and impartial verdict?

28. You will hear evidence that two of the defendants held positions within the Honduran National Police and that one of the defendants is the former President of Honduras.  Do those facts in any way affect your ability to render a fair and impartial verdict in this case?

29. I expect that you will hear that much, if not all, of the conduct at issue in this case occurred outside of the United States.  United States law provides that persons engaged in conduct

occurring outside the United States nevertheless may be prosecuted in United States courts for certain violations of American federal law.  Would it affect your ability to fairly and impartially render a verdict in this case if the evidence for the charged conduct includes conduct that took place outside of the United States?

30. The charges in this case involve narcotics trafficking and firearms offenses.  Is there anything about the nature of these charges that would cause you to be unable to render a fair and impartial verdict in this case?

31. Do you have any views regarding, or experience with, cocaine or the laws governing the sale or distribution of cocaine that would hinder or prevent you from rendering a fair and impartial verdict?

32. Do you have any views regarding, or experience with, firearms or the laws governing the sale or distribution of cocaine that would hinder or prevent you from rendering a fair and impartial verdict?

33. Have you or anyone you are close to ever been charged with a crime or been a victim or witness of a crime involving illegal drugs, controlled substances, or firearms?

34. Have you or anyone with whom you are close ever been a victim, witness or a complainant in any prosecution, state or federal, or ever been arrested or charged with a crime?

35. There may be testimony from an accomplice or cooperating witness—that is, a witness who at one time was involved in illegal activity, but who has now pled guilty to various crimes and is now cooperating with and testifying on behalf of the government.  The use of such an accomplice or cooperating witness is perfectly lawful.  Do you have any experience with or feelings about the use of accomplice or cooperating witnesses

6

generally, or the use of evidence or information obtained from an accomplice of cooperating witness that would make it difficult for you to render a fair and impartial in verdict in this case?

36. Some of the evidence in this trial may be presented in the form of recorded conversations and meetings obtained by people acting at the direction of the government.  The defendants and/or their alleged co-conspirators may not have known that they were being recorded at the time the recordings were made.  Any such recordings that may be played during the trial were made lawfully.  Do any of you have any feelings or opinions about the use of evidence obtained by law enforcement from recorded conversations that would likely affect your ability to be fair and impartial in this case? Does the fact that these conversations and meetings may have been recorded without any defendant's or his alleged co-conspirators' knowledge in any way affect your ability to render a fair and impartial verdict?

37. Have you, or has anyone close to you, ever studied or practiced law?

38. Do you know any other prospective member of this jury?

39. In the questions I have asked, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Now, apart from the questions I have asked you, is there any reason why you would be unable to sit as a fair and impartial juror in this case and render a true and just verdict without fear, favor, sympathy or prejudice in accordance with the law as I instruct you?

Date:   New York, New York
        May 1, 2023

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney for the
                                        Southern District of New York


                            By:         _____/s/_____
                                        Jacob H. Gutwillig
                                        David J. Robles
                                        Elinor L. Tarlow
                                        Kyle A. Wirshba
                                        Assistant United States Attorneys
                                        (212) 637- 2215 / 2550 / 1036 / 2493


Cc:     Defense Counsel
        (Via ECF)