

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 22, 2023

in Courtroom 11D

There will be a conference in this case on June 29, 2023 at 11:15 am. SO ORDERED.
USDJ
6-22-23

**BY ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

**Re: United States v. Mauricio Hernandez Pineda, S4 15 Cr. 379 (PKC)**
**United States v. Juan Orlando Hernandez, S7 15 Cr. 379 (PKC)**
**United States v. Juan Carlos Bonilla Valladares, S8 15 Cr. 379 (PKC)**

Dear Judge Castel:

The Government respectfully writes in response to the Court's June 21, 2023 Order (Dkt. No. 574). In that Order, the Court ordered that defendant Juan Orlando Hernandez file any notice pursuant to Section 5 of the Classified Information Procedures Act ("CIPA") by July 11, 2023, and that the June 29, 2023 classified hearing proceed as scheduled. For the reasons set forth below, the Government respectfully requests that the Government be permitted 30 days, until August 11, 2023, to respond to any CIPA Section 5 notice filed by the defendants, as was contemplated by the initial briefing schedule set by the Court (*see* Dkt. No. 555). The Government will be prepared to address ~~any~~ matters the Court wishes to address at the June 29, 2023 classified hearing. ~~In addition,~~ the Government also respectfully requests that on June 29, 2023, or as soon as practicable thereafter, the Court hold an unclassified pretrial conference, in which all counsel for the defendants may participate, in order to address the scheduling issues set forth herein.

granted

The Government has on numerous occasions noted the volume of classified discovery produced to the defendants in this case, the likelihood of litigation under CIPA Sections 5 and 6, and the lengthy period of time that such litigation could take, which could impact the trial date set in this case. Defendant Juan Orlando Hernandez's failure to provide notice pursuant to Section 5, long past the initial May 26, 2023 deadline set by the Court, has delayed any further CIPA litigation. As the Court indicated in its March 15, 2023 Order would be the case for further adjournment of the Government's CIPA filing deadlines, defendant Juan Orlando Hernandez's delays jeopardize the September 18, 2023 trial date. (*See* Dkt. Nos. 536, 570).

As the Court is aware, any defendant who reasonably expects to disclose (or cause the disclosure of) classified information in any manner is required to file notice of that intention under

Section 5 of CIPA. Section 5(a) expressly requires that such notice "include a brief description of the classified information." The case law holds that such notice "must be *particularized*, setting forth *specifically* the classified information which the defendant reasonably believes to be necessary to his defense." *United States v. Collins*, 720 F.2d 1195, 1199 (11th Cir. 1983) (emphasis added); *see also United States v. Smith*, 780 F.2d 1102, 1105 (4th Cir. 1985) (*en banc*). This requirement applies both to documentary exhibits and to oral testimony, whether the evidence is expected to be admitted on direct or cross-examination. *See, e.g.*, *United States v. Wilson*, 750 F.2d 7 (2d Cir. 1984) (testimony); *Collins*, 720 F.2d at 1199 (same). If a defendant fails to provide a sufficiently detailed notice far enough in advance of trial to permit the implementation of CIPA procedures for the use, relevance, and admissibility of classified evidence, Section 5(b) provides for preclusion of that evidence. *See United States v. Badia*, 827 F.2d 1458, 1465 (11th Cir. 1987) (affirming district court's decision to disallow defendant's presentation at trial of certain evidence because he did not provide timely notice under CIPA Section 5). Similarly, if a defendant attempts to disclose at trial classified information which is not described in the defendant's Section 5(a) notice, preclusion is the appropriate remedy prescribed by Section 5(b) of the statute. *See Smith*, 780 F.2d at 1105 ("A defendant is forbidden from disclosing any such information absent the giving of notice.").

To date, none of the defendants has provided Section 5 notice. Defendant Juan Orlando Hernandez's delay in doing so has stalled the CIPA process in this case—a process with significant statutory requirements ahead that will necessarily involve substantial coordination by the Government with the stakeholders of the underlying classified materials. Given the nature and volume of the classified material in this case, to the extent defendant Juan Orlando Hernandez does provide CIPA Section 5 notice, the Government's response, pursuant to CIPA Section 6(a), could be substantial, *see, e.g.*, *United States v. Schulte*, 17 Cr. 548 (JMF), Dkt. No. 158 Ex. A, and require significant coordination with relevant department(s) or agenc(ies). Moreover, only after the Government has had an opportunity to evaluate and respond to any CIPA Section 5 notice will the Court be in a position to hold a hearing, pursuant to CIPA Section 6(a), to "make all determinations concerning the use, relevance or admissibility of classified information that would otherwise be made during the trial or pretrial proceedings" pursuant to the standards of the Federal Rules of Evidence, with the defendant bearing the burden of establishing that the evidence is relevant, material, and otherwise admissible. *See United States v. Miller*, 874 F.2d 1255, 1276-77 (9th Cir. 1989); *see also United States v. Cardoen*, 898 F. Supp. 1563, 1571 (S.D. Fla. 1995). At the hearing, which must be held *in camera*, the defendant must proffer why the classified information that the defendant seeks to disclose is relevant and admissible, while the Government is given an opportunity to challenge the request on standard evidentiary grounds, such as relevance and hearsay. Following any such hearing, "[a]s to each item of classified information, the court shall set forth in writing the basis for its determination." *See* 18 U.S.C. App. 3 § 6(a).

Following the Court's written ruling on a motion by the Government pursuant to CIPA Section 6(a), to the extent the Court authorizes the defense to disclose any classified material at trial, the Government is then entitled pursuant to CIPA Section 6(c) to request that "in lieu of such specific classified information," the Court order substitutions of that classified information. *See* 18 U.S.C. App. 3 § 6(c). "The court shall grant such a motion of the United States if it finds that the statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information," and, as with a Government motion pursuant to CIPA Section 6(a), the Court shall hold an *in camera* hearing on any motion

under this section. *Id.* In connection with a motion under CIPA Section 6(c), the Government may submit "an affidavit of the Attorney general certifying that disclosure of classified information would cause identifiable damage to the national security of the United States and explaining the basis for the classification of such information." *Id.*

In short, to the extent defendant Juan Orlando Hernandez provides sufficient CIPA Section 5 notice, completing the litigation process pursuant to CIPA Sections 5 and 6 could take significant time and involve substantial coordination with the relevant department(s) or agenc(ies). Although the Government will continue to endeavor to work as expeditiously as possible, given the complexity and scope of the possible substantive issues and corresponding coordination—and without knowing what, if anything, defendant Juan Orlando Hernandez will provide as CIPA Section 5 notice—the Government respectfully requests 30 days, until August 11, 2023, to respond.

Further, and in light of the timing issues described herein, the Government respectfully requests that, in addition to the classified hearing on June 29, 2023, the Court schedule an unclassified conference on June 29, 2023, or as soon as practicable thereafter, to address the schedule for possible further CIPA litigation, as well as the deadlines this Court has set for the unclassified pre-trial filings and the trial date in this case. The Government has already filed its motions *in limine*, requests to charge, and proposed voir dire. (*See* Dkt. Nos. 553, 554). The defendants' unclassified pre-trial filings are due on June 23, 2023, the final pre-trial conference is scheduled in this matter for July 13, 2023, and the Government's productions pursuant to 18 U.S.C. § 3500 are due July 20, 2023. In order for the parties to prepare efficiently for trial, to maintain the safety of its witnesses, and to ensure that the September 18, 2023 trial date is feasible, the Government therefore respectfully requests that the Court schedule an unclassified conference to address these deadlines. The Government also remains prepared to address any issues the Court wishes to discuss during the June 29, 2023 classified conference, including whether, to the extent it receives CIPA Section 5 notice from defendant Juan Orlando Hernandez before that date, the Government would be able to respond in fewer than 30 days.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/
Jacob H. Gutwillig / David J. Robles
Elinor L. Tarlow / Kyle A. Wirshba
Assistant United States Attorneys
(212) 637-2215 / 2550 / 1036 / 2493

cc: Defense Counsel (by ECF)