

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 19, 2024

**BY ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   **United States v. Mauricio Hernandez Pineda, S4 15 Cr. 379 (PKC)**
      **United States v. Juan Orlando Hernandez, S7 15 Cr. 379 (PKC)**
      **United States v. Juan Carlos Bonilla Valladares, S8 15 Cr. 379 (PKC)**

Dear Judge Castel:

The Government respectfully writes, pursuant to the Court's requests during the January 18, 2024 conference, to (i) provide the Court with additional information regarding its productions of 18 U.S.C. § 3500 material to the defendants in the above-captioned case, and (ii) confirm that it did not direct Jorge Bar Levy to infiltrate defendant Juan Orlando Hernandez's ("Hernandez") legal team.  (*See* January 18, 2024 Tr. at 47, 57.)  Finally, the Government respectfully requests that the Court endorse the Government's proposed order allowing Hernandez access to a laptop computer in prison.[1]

I.      **The Government's 18 U.S.C. § 3500 Productions**

During the June 29, 2023 conference, the Government agreed to provide 18 U.S.C. § 3500 ("Section 3500") materials 60 days in advance of trial, or to request authorization from the Court to delay disclosure of certain materials.  (*See* June 29, 2023 Tr. at 18.)  Set forth below is a description of the Government's production of Section 3500 materials to date.

The Government began producing Section 3500 materials in its initial discovery production to each defendant in early 2021 and 2022, after each defendant made his initial appearance and

---

[1] At the January 18 pretrial conference, Hernandez and his counsel discussed, and the Court inquired about, a potential prior threat to Hernandez's family in Honduras, information about which was reflected in certain Section 3500 materials.  Last night, counsel for Hernandez identified the materials he referenced during the conference, and the Government is identifying what steps were taken with respect to the information in those materials.

signed the applicable protective order governing discovery material.  That initial production included the trial transcripts for *United States v. Juan Antonio Hernandez Alvarado*, S2 15 Cr. 379 (PKC), and *United States v. Geovanny Fuentes Ramirez*, S6 15 Cr. 379 (PKC), at which several of the Government's anticipated trial witnesses in this case testified.  Thereafter, on February 14, 2023 (when the trial was scheduled to commence on September 18, 2023), the Government made a substantial production of additional Section 3500 material—consisting of proffer notes and other materials for 12 witnesses—to counsel for defendant Juan Orlando Hernandez.[2]  On November 16, 2023, the Government also produced, on an attorneys' eyes only basis, Section 3500 material for two anticipated Government witnesses to counsel for Mauricio Hernandez Pineda and Juan Carlos Bonilla Valladares.  Counsel for Hernandez did not accept the Government's offer to produce these materials early on an attorneys' eyes only basis.

On December 7, 2023, sixty days in advance of trial and at the agreed-upon deadline for the production of Section 3500 material, the Government produced Section 3500 material relating to 36 individuals.  That production included (i) additional Section 3500 material for whom Section 3500 materials had been produced before December 7, 2023, as described above, (ii) Section 3500 material for witnesses who have not previously testified, and (iii) Section 3500 material that had been produced in connection with the *Tony Hernandez* and/or *Geovanny Fuentes* trials for witnesses that the Government does not presently intend to call at this trial.[3]  The December 7, 2023 production of Section 3500 material generally consisted of proffer notes, reports of witness statements, and other materials, totaling approximately 36 gigabytes of data.  Approximately 30 gigabytes of those materials were digital media and records from a social media account that had been previously produced in discovery, and were reproduced as Section 3500 materials.

In addition to the Section 3500 material provided in the December 7, 2023 production, the Government also produced audio files of calls intercepted by Honduran authorities in connection with a Honduran investigation into MS-13 and its leader, Alexander Mendoza (the "Mendoza Wiretap"), which the Honduran authorities later provided to the Government.  The Government had previously produced, in August 2022, line sheets reflecting summaries of some of these intercepted calls that Honduran authorities deemed pertinent and, in May 2023, audio files for a subset of calls from the Mendoza Wiretap.  The Mendoza Wiretap included a significant number of calls, four of which the Government is considering whether to offer at trial and which were summarized in the line sheets produced in August 2022.[4]  The Government is not aware of any calls intercepted during the Mendoza Wiretap in which any of the defendants was a participant.

---

[2] The Government made this same production to defendant Juan Carlos Bonilla Valladares on or about March 14, 2023, and to defendant Mauricio Hernandez Pineda on or about May 9, 2023. This same Section 3500 production was then re-produced to all defendants through the court-appointed discovery coordinator on or about September 19, 2023.

[3] This included the material the Government had previously provided, on an attorney's eyes only basis, to counsel for Bonilla and Pineda.

[4] For example, one of the calls includes a conversation between two MS-13 members discussing, in sum and substance, Hernandez's plan to murder a drug trafficker who worked with Tony Hernandez and was rumored to be close to capture by American authorities because of the damage that such capture would do in exposing Hernandez and his brother.  The Government will file a short supplemental motion *in limine* in advance of trial if it decides to use any of the four calls.

Since its December 7, 2023 production, the Government has made three productions of Section 3500 material to the defense as it continues to identify additional witnesses that it may seek to call at trial, generates new Section 3500 material based on meetings with potential witnesses to prepare for trial, and reviews its files to ensure that it has complied with its disclosure obligations.[5]  Those three productions are described generally below:

- On January 4, 2024, the Government produced additional Section 3500 material to the defense. The total size of the production is approximately 850 megabytes.  The production contains 85 files that generally consist of proffer notes and reports, as well as 78 files relating to expert witnesses for whom the Government provided expert notice on December 22, 2023.  The Government also produced an additional 295 files consisting of a cellphone extraction for a cooperating witness, and jail calls and emails for CW-3, a witness identified in the Government's January 16, 2024 supplemental motion *in limine* that the Government recently decided to call at trial and who entered into a Rule 35 agreement with the Government on January 9, 2024.

- On January 13, 2024, the Government produced additional Section 3500 material to the defense.  The total size of the production is approximately 50 gigabytes.  This production includes 44 files that generally consist of proffer notes and reports.  In addition, this production also includes proffer notes and records from an electronic account and cellphone for CW-4, a member of the Sinaloa Cartel who was identified in the Government's January 16, 2024 supplemental motions *in limine* and has been proffering with the Government.  This electronic account and extraction constitute substantially all of the volume of data contained in the production.

- On January 18, 2024, the Government produced additional Section 3500 material to the defense.  The total size of the production is approximately 359 megabytes.  This production contains 40 files generally consisting of proffer notes and reports, and 116 files pertaining to a witness the Government does not anticipate calling at trial.

Consistent with the Government's disclosure obligations, the Government will continue to make supplemental productions of any Section 3500 material that is generated or identified as it continues to prepare for trial.  The Government also intends to make a small production of Section 3500 material available to the defense on January 22, 2024, consistent with the Court's prior *ex parte* order permitting delayed disclosure of certain Section 3500 material.

---

[5] The Government also made two unclassified Rule 16 productions, on January 13 and January 17, 2024, consisting of a small volume of materials that recently came into its possession, as well as the unclassified portions of certain classified documents had been previously produced to cleared counsel.

## II.      Hernandez's Representations Regarding Jorge Bar Levy

At the January 18 conference, Hernandez baselessly accused the Government of directing an individual named Jorge Bar Levy ("Levy") to infiltrate his legal team.  (*See* Jan. 18, 2024 Tr. at 38.)  That accusation is entirely unfounded and incorrect.

In approximately February 2020, prior to Hernandez's 2022 indictment in this case, Levy approached the Government.  Drug Enforcement Administration ("DEA") agents met with Levy on approximately two occasions and received certain WhatsApp chats, voice notes, and emails from Levy, which the Government produced in discovery on August 22, 2022 and November 4, 2022. (*See* USAO_109627-110226, 200993-201666.)  In particular, Levy advised the DEA agents about, among other things, meetings that he had participated in with Hernandez's family and meetings with other individuals during which Levy discussed Hernandez.  Levy also provided DEA agents with WhatsApp communications that Levy had with individuals who attended the meetings described above.  (*See* USAO_110132-110133.)  DEA agents did not meet with Levy after 2020 and refused to engage in additional conversations with him, even when Levy attempted to contact the DEA in November 2022.  The Government at no time directed Levy to make contact with Hernandez's investigatory or legal team and did not have any substantive conversations with Levy after Hernandez's indictment in this case.

## III.      The Defendant's Request for Access to a Laptop

Finally, the Government has conferred with the Bureau of Prisons ("BOP") and received permission for Hernandez to have increased access to a laptop while at the Metropolitan Detention Center in order to facilitate his review of the materials in this case in advance of trial.  In particular, the BOP has agreed that defense counsel may provide a laptop for Hernandez, and that BOP personnel will provide the defendant with access to that laptop Monday through Friday for 10 to 15 hours each week.  The BOP has requested that the Court enter an order specifying certain conditions for Hernandez's use of that laptop.  A proposed order is enclosed.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:      /s/
Jacob H. Gutwillig / David J. Robles
Elinor L. Tarlow / Kyle A. Wirshba
Assistant United States Attorneys
(212) 637-2215 / 2550 / 1036 / 2493

Encl.

cc: Defense Counsel (by ECF)