

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 19, 2024

**BY ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    <u>United States v. Mauricio Hernandez Pineda</u>, S4 15 Cr. 379 (PKC)
              <u>United States v. Juan Orlando Hernandez</u>, S7 15 Cr. 379 (PKC)
              <u>United States v. Juan Carlos Bonilla Valladares</u>, S8 15 Cr. 379 (PKC)

Dear Judge Castel:

      The Government respectfully writes regarding matters raised at the January 18, 2024 final pretrial conference. During the conference, retained counsel for defendant Juan Orlando Hernandez ("Hernandez"), Raymond Colon, Esq., asked the Court to reconsider his request for a 30- to 45-day adjournment of the February 5, 2024 trial date (*see* Dkt. 658), based on additional medical records Mr. Colon provided to the Court under seal on the evening of January 17, 2024. Mr. Colon and Hernandez also reiterated Hernandez's request that he be appointed an additional lawyer, pursuant to the Criminal Justice Act ("CJA"). Adhering to its earlier Order denying both requests, *see* Dkt. 660, the Court stated that jury selection will begin, as previously scheduled, the morning of February 5, 2024. Also at the conference, defendant Juan Carlos Bonilla Valladares ("Bonilla") requested a substitution of his CJA counsel, Raoul Zaltzberg, Esq., which the Court denied. A copy of the transcript of the January 18 conference is attached hereto as Exhibit A.

      For the reasons set forth below, the Government: *first*, respectfully requests that the Court conduct additional inquiry, on an *ex parte* basis outside the presence of the Government, into the nature of Hernandez's and Bonilla's dissatisfaction with their respective counsel, to determine whether the issues raised by Hernandez and Bonilla reflect a genuine complete breakdown of communication, or something short of that which would not require substitution, such as a delay tactic; and, *second*, does not object to Hernandez's request, first made in his email to Mr. Colon (Dkt. 658) and reiterated at the January 18 conference, that additional trial counsel be appointed. As described in more detail below, because Hernandez's cleared counsel, Ms. Sabrina Shroff, Esq., will not be serving as trial counsel, appointment of additional trial counsel will ensure that a sudden and unexpected worsening of Mr. Colon's medical condition during the trial would not result in any unnecessary delay or mid-trial adjournments. Such an appointment would have the benefit of preserving and ensuring the orderliness of the trial proceedings for all defendants, efficiency of

resources devoted by the Court and the parties, and attentiveness to the jury's schedule. To the extent such an appointment would require a short period of time to allow newly appointed counsel to familiarize themselves with the case, the Government would not oppose a brief adjournment of trial, subject to the Court's availability.

I. **Substitution of Counsel**

During the January 18 conference, both Hernandez and Bonilla voiced dissatisfaction with their respective attorneys. (Ex. A at 37-41, 58-61). While such complaints by defendants on the eve of trial are common, and often determined to be and dismissed as delay tactics, the Government respectfully submits that additional inquiry of the defendants and defense counsel would be appropriate here. Hernandez claimed, among other things, that he and Mr. Colon "agreed . . . to present motions regarding stipulations, also witnesses from Honduras, to prepare subpoenas for witnesses here in the United States . . . and none of that has been brought before you." (*Id.* at 38). Similarly, Bonilla asserted that "several situations arose during which" he and his counsel "did not agree" and, generally, that his "defense has not been conducted in an adequate manner, logically, because we have a barrier, which is the language." (*Id.* at 60). "[W]here a defendant voices a seemingly substantial complaint about counsel, the court should inquire into the reasons for dissatisfaction." *McKee v. Harris*, 649 F.2d 927, 933 (2d Cir. 1981) (internal quotation marks omitted).

Of course, "the right to counsel of one's choice is not absolute" and "a trial court may require a defendant to proceed to trial with counsel not of defendant's choosing." *United States v. Schmidt*, 105 F.3d 82, 89 (2d Cir. 2007). The right to effective assistance of counsel "does not . . . guarantee a 'meaningful relationship' between the defendant and his counsel." *United States v. John Doe #1*, 272 F.3d 116, 122 (2d Cir. 2001). Indeed, the mere expression of dissatisfaction with counsel's trial performance is not a "substantial complaint." *United States v. Hsu*, 669 F.3d 112, 123 (2d Cir. 2012). Moreover, "if the reasons proffered [for the proposed substitution] are insubstantial and the defendant receives competent representation from counsel, a court's failure to inquire sufficiently or to inquire at all constitutes harmless error." *John Doe #1*, 272 F.3d at 123.

The Second Circuit has cautioned district judges to be "vigilant that requests for appointment of a new attorney on the eve of trial (do not) become a vehicle for achieving delay." *United States v. Carroll*, 510 F.2d 507, 510-11 (2d Cir. 1975); *see also United States v. Todisco*, 667 F.2d 255, 261 (2d Cir. 1981) ("We repeatedly have expressed our concern that district courts be wary of eleventh hour requests for new counsel."); *McKee*, 649 F.2d at 931 ("[C]ertain restraints must be put on the reassignment of counsel lest the right be manipulated so as to obstruct the orderly procedure of the courts or to interfere with the fair administration of justice"). "In determining whether to allow a defendant to retain new counsel, the court must consider the risks and problems associated with the delay, and whether substitutions would disrupt the proceedings and the administration of justice." *United States v. Brumer*, 528 F.3d 157, 160 (2d Cir. 2008) (internal quotation marks and ellipsis omitted).

The Second Circuit reviews a district court's denial of a motion to substitute counsel for abuse of discretion, *John Doe #1*, 272 F.3d at 122, and considers four factors in evaluating whether a district court abused its discretion in denying a motion for appointment of new counsel: (1)

whether defendant's motion requesting new counsel was "timely"; (2) whether the "trial court adequately inquired into the matter"; (3) "whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense"; and (4) "whether the defendant substantially and unjustifiably contributed to the breakdown in communication." *Id.* at 122-23.

Having reviewed the transcript of the January 18 conference, and in light of the issues raised at the conference by Hernandez and Bonilla, the Government respectfully requests that the Court conduct additional inquiry and make factual findings about the nature of the defendants' purported difficulties with counsel. The Government respectfully submits that any additional inquiry should be done on an *ex parte* basis, outside the presence of the Government, and that the Court make factual findings as to the nature of Hernandez's and Bonilla's dissatisfaction with their respective lawyers.

II. **The Government Has No Objection to Hernandez's Request for Appointment of Additional Trial Counsel and, If Needed, a Brief Adjournment of Trial for Additional Counsel to Familiarize Themselves with the Case**

The evening before the January 18, 2024 conference, Mr. Colon identified, for the first time, specific medical issues in a sealed filing with the Court. Previously, Mr. Colon had requested an adjournment of the trial based on unspecified medical conditions, which the Court denied in a January 11, 2024 Order. (Dkt. 660). Because Mr. Colon will be sole trial counsel to Hernandez, and the possibility exists that the conditions identified by Mr. Colon unexpectedly worsen during trial, potentially requiring additional treatment and causing mid-trial delays or disruptions, the Government respectfully submits that it does not object to Hernandez's request that the Court appoint additional counsel.

As the Court noted in its Order denying Mr. Colon's request for a trial adjournment, Mr. Colon first appeared as counsel for the defendant on April 21, 2022. (Dkt. 660 at 1). Since that time, Mr. Colon's extensive and thorough efforts representing the defendant have been well-documented. (*See, e.g.*, Nov. 15, 2022 Tr. at 6 ("I, along with my client, we review the material . . . almost on a daily basis at the jail. We both speak Spanish."); June 29, 2023 Tr. at 5 ("I go out to the jail, three, four, five times a week, and we're still in the middle of maybe two-thirds of the way through the 3500 material in the first production")). As the record makes clear, for well over a year, Mr. Colon has been reviewing discovery and Section 3500 material with Hernandez.

On January 17, 2024, Mr. Colon identified, in a sealed submission, specific health-related issues from which he currently suffers. The Government understands, based on statements made on the record (*see* June 29, 2023 Tr. at 14) and in recent conversations with defense counsel, that Ms. Shroff, cleared counsel for Hernandez, represents Hernandez in matters related to only the Classified Information Procedures Act and will not be participating as trial counsel. Accordingly, Mr. Colon will be Hernandez's only trial counsel. Acknowledging Mr. Colon's medical concerns, the Court made clear, in its January 11, 2024 Order and during the January 18, 2024 conference, that "[i]f defense counsel needs adjustments to the daily trial schedule to accommodate medical needs, the Court will take that up on a case by case basis." ((Dkt. 660 at 3); Ex. A at 66).

Having reviewed in further detail the proffers by Mr. Colon and Hernandez at the January 18 conference and the medical records provided by Mr. Colon on January 17, and after conferring internally, the Government respectfully does not object to Hernandez's request that additional counsel, from the CJA panel, be appointed. Such an appointment would help to ensure that any unfortunate and unexpected worsening of Mr. Colon's conditions would not cause any unnecessary delays or mid-trial adjournments that could potentially cause expenditure of additional time and resources toward the trial by the parties, the Court, and the jury. Thus, as a prophylactic measure against potential trial disruptions, the Court could, as it did in response to Bonilla's prior request for new counsel, appoint additional counsel for Hernandez for purposes of trial and trial preparation.[1] (*See* Dkt. 641 (appointing cleared CJA counsel for Bonilla to assist existing counsel with trial preparation)). Mr. Colon has dedicated a great deal of time and effort in preparing for trial and has extensive knowledge about the case and Hernandez's defenses. Appointing additional trial counsel for Hernandez—and, to the extent necessary, giving that individual a brief period to familiarize themselves with the case—would ensure the continuity of Mr. Colon's knowledge of Hernandez's case and preparations for trial, to the extent a health- or family-related issue would also require Mr. Colon's attention during trial.

### III. Conclusion

Accordingly, and for the reasons set forth above, the Government respectfully requests that the Court, on an *ex parte* basis, conduct additional inquiry into the circumstances of Hernandez's and Bonilla's dissatisfaction with their respective attorneys. Additionally, the Government respectfully submits that it has no objection to Hernandez's request for appointment of additional trial counsel and a brief adjournment of trial, if necessary, attendant to that appointment.

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York

By:   /s/
    Jacob H. Gutwillig / David J. Robles
    Elinor L. Tarlow / Kyle A. Wirshba
    Assistant United States Attorneys
    (212) 637-2215 / 2550 / 1036 / 2493

cc: Defense Counsel (by ECF)

---

[1] To the extent helpful, the Government is prepared to furnish the Court with a list of cleared counsel who are also on the CJA panel.